J-A10040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHATAAN ADAMS :
:
Appellant : No. 234 EDA 2023

Appeal from the PCRA Order Entered April 23, 2021
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002312-2008

BEFORE: PANELLA, P.J.E., DUBOW, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED JULY 31, 2025**

Shataan Adams appeals *pro se* from the order entered in the Delaware

County Court of Common Pleas on April 23, 2021, denying Adams's petition

filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§

9541-9546. For the reasons discussed below, we find the PCRA court properly

denied relief and affirm.

This case returns to our Court following a remand for the PCRA court to

file a responsive opinion to the issues raised in Adams's Rule 1925(b) Concise

Statement filed on March 14, 2023. We reiterate the facts as summarized prior

to remand as follows:

> During August and September 2007, [Adams] and co-
> defendants Byron Hammond and Charles Redfain plotted to rob
> the Blackwood family, who lived in the same neighborhood in the
> City of Chester as the co-defendants. Some of their plotting and
> some of their preparations were overheard or seen by a neighbor
> of the Blackwood family. After 8:00 p.m. on September 27, 2007,

[Adams] and Redfain were sitting together when Hammond approached them and said, "it's about to go down," and gave Redfain a shotgun. [Adams] gave Redfain a mask. [Adams] and Hammond each had a firearm of their own.

At about 10 p.m., M.B., wife of the victim, was lying in bed with her children, when Hammond kicked in the back door of the house. M.B. saw three men coming up the stairs with guns, and Hammond yanked her by the hair away from her children and downstairs to the kitchen. Hammond struck M.B. repeatedly demanding money and marijuana. Meanwhile Redfain and [Adams] ransacked the first floor of the home. At some point, Redfain digitally penetrated M.B. while [Adams] was in the kitchen with them.

The victim returned to the house in a truck driven by a friend. [Adams] alerted his cohort and ordered them to tie up M.B. [Adams] and Hammond turned off the lights in the house and took positions with their guns drawn to ambush the victim. M.B. slipped away from her captor and screamed a warning to her husband. The victim grabbed his friend's firearm while M.B. escaped into the friend's truck. Gunfire erupted as the truck sped away from the house. The friend called the police, circled the block and upon arriving back at the house, found the victim lying on the ground with a single bullet wound to the head.

On May 8, 2009, following a trial during which [Adams] did not testify, a jury found [Adams] guilty of the aforementioned crimes. On July 14, 2009, the trial court sentenced [Adams] to life imprisonment on the charge of second-degree murder, with consecutive terms of ten to twenty years' imprisonment for robbery and burglary.

In his direct appeal, [Adams] raised three claims: trial court error in allowing testimony and closing argument on his pre-arrest silence; sufficiency of the evidence for aggravated indecent assault; and the merger of burglary into murder of the second degree for sentencing purposes. We ruled that "[Adams]'s constitutional right to silence was not violated," and the evidence was sufficient to sustain [Adams]'s conviction of aggravated indecent assault under a theory of accomplice liability. We also vacated the judgment of sentence and remanded for resentencing because Adams's consecutive term for burglary was illegal.

The Supreme Court of Pennsylvania granted an allowance of appeal on the issues of whether admitted testimony was an impermissible reference to [Adams]'s pre-arrest silence, and if so, whether the error was harmless. On November 20, 2014, the Supreme Court affirmed "the trial court and Superior Court's conclusions that the testimony in this case did not unconstitutionally burden [Adams's] right against self-incrimination, because the reference was contextual and brief and did not highlight [his] silence as evidence of guilt."

On July 2, 2015, the Honorable George A. Pagano, resentenced [Adams]. The burglary conviction merged. The court imposed a term of life imprisonment for murder of the second degree and consecutive terms of 10 to 20 years' imprisonment for robbery and 5 to 10 years' imprisonment for aggravated indecent assault.

*Commonwealth v. Adams*, 235 EDA 2023, at *1-2 (Pa. Super. filed August 23, 2024) (unpublished memorandum) (citations omitted).

Relevant to the instant proceedings, on April 28, 2016, Adams filed a *pro se* PCRA petition, raising 10 issues, including claims of ineffective assistance of trial counsel, prosecutorial misconduct, and a claim challenging the legality of his sentence. Counsel was appointed but was granted permission to withdraw from representation due to having represented co-defendant Redfain in a 2010 PCRA proceeding. New PCRA counsel was subsequently appointed in August 2017.

Over the next two years, while represented by counsel, Adams filed multiple *pro se* documents purporting to amend or supplement his petition.

After seeking, and being granted, multiple extensions of time, PCRA counsel filed a "no-merit" letter on January 28, 2021, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth*

*v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) ("*Turner*/*Finley*"), and a petition to withdraw as counsel.

The PCRA court thereafter granted PCRA counsel leave to withdraw and issued notice of its intent to dismiss the PCRA petition without an evidentiary hearing, pursuant to Pa.R.Crim.P. 907.

In response, Adams filed a motion seeking leave to proceed *pro se* and alleging ineffective assistance of PCRA counsel for not raising trial counsel's ineffective assistance by failing to object to the trial court's accomplice liability instruction. The PCRA court granted Adams's request to proceed *pro se*.

Adams thereafter filed a *pro se* response to the Rule 907 notice, followed two months later with a supplemental response. The two filings together raised 8 issues, including new issues that had not previously been raised.

On April 23, 2021, the PCRA court entered an order denying Adams's PCRA petition. Less than a month later, on May 19, 2021, Adams filed *pro se* a Rule 1925(b) Concise Statement, raising 5 separate issues for appeal. No other filings were made by Adams until June 16, 2021, when he sought a copy of his docket sheet from the court through a letter to Judge Pagano and a right to know request. Over the course of the next year, Adams filed additional right to know requests directed to the "clerk of courts" seeking a copy of his docket, Rule 1925(b) Statement and other motions he had filed.

On January 13, 2023, Adams filed a notice of appeal, along with a request for transcripts and a new Rule 1925(b) concise statement. The PCRA

court ordered Adams to file another Rule 1925(b) concise statement. After being granted an extension of time, Adams filed his third Rule 1925(b) concise statement, raising 6 claims. We note that Adams's concise statement is anything but "concise", spanning over 12 pages. However, his issues can be distilled as follows:

> 1. Failure of the Commonwealth to disclose impeachment evidence
>
> 2. Prosecutorial misconduct for reference to the invocation of the right to remain silent
>
> 3. Ineffective assistance of trial counsel for agreeing to pretrial stipulations
>
> 4. Ineffective assistance of trial counsel for failure to object to prosecutor's improper tactics
>
> 5. Prosecutorial misconduct for use of inflammatory language during closing arguments
>
> 6. Ineffective assistance of trial counsel for failure to object to prosecutor's statement of facts that were not supported by the evidence

*See* Rule 1925(b) Concise Statement, 3/14/23.

The original panel assigned to this case acknowledged Adams's appeal, filed more than 20 months after the date of the order appealed from, appeared to be untimely. However, this Court determined that the certified record did not contain documentation by which we could confirm the requirements of Rule 907(4) were satisfied; i.e. that Adams was properly informed of his right to appeal the PCRA court's decision, and the time within which that appeal must be taken. Based on that determination, this Court remanded this matter

for the PCRA court to file a responsive opinion addressing the issues raised by Adams in his third Rule 1925(b) concise statement. The PCRA court has since filed a responsive opinion as directed. Accordingly, we can now proceed to address the issues raised by Adams on appeal.

Preliminarily, we find Adams's brief on appeal violates the Pennsylvania Rules of Appellate Procedure. "When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Rule 2101." ***Giant Food Stores, LLC v. THF Silver Spring Development, L.P.***, 959 A.2d 438, 443 n.1 (Pa. Super. 2008) (citing Pa.R.A.P. 2101). Additionally, "[a]lthough this Court is willing to liberally construe materials filed by *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1037 (Pa. Super. 2018) (citations and quotation marks omitted).

Here, Adams's brief violates the Rules of Appellate Procedure by failing to include a statement of the court's jurisdiction, a statement of the order in question, this Court's scope and standard of review, a statement of the questions involved, a statement of the case and a summary of his argument as required by Pa.R.A.P. 2111(a). Further, Adams fails to include a statement of place of raising or preservation of issues pursuant to Pa.R.A.P. 2117(c). Rather, the entirety of Adams's appellate brief is simply an argument section, which can only be described as undeveloped and scattershot. This Court "will

not act as counsel and will not develop arguments on behalf of an appellant." *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (citation omitted). Due to these substantial defects, we could find Adams's issues waived for this reason alone.

However, even if we were to review Adams's claims, as the PCRA court did, the claims would either fail or be waived for additional reasons. Moreover, Adams did not voluntarily act in a self-represented capacity; his court appointed PCRA counsel successfully petitioned the PCRA Court for permission to withdraw. Therefore, in the interests of justice, we have reviewed Adams's arguments.

Our review of an order denying a PCRA petition is limited to examining whether the PCRA court's determinations are supported by the record and the court's decision is free of legal error. *See Commonwealth v. Shaw*, 217 A.3d 265, 269 (Pa. Super. 2019). Although we give "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record[,]" we apply a *de novo* standard of review to the PCRA court's legal conclusions. *Commonwealth v. Benner,* 147 A.3d 915, 919 (Pa. Super. 2016) (citation omitted).

While Adams included 6 issues in his concise statement, he only raises the following four issues in his appellate brief:

> 1. Trial counsel was ineffective for failing to object to the prosecutor['s closing statement] where the prosecutor's reference to [Adams's] invocation of his right to remain silent was a violation of his 5th and 14th amendment rights[;]

2. Trial counsel was ineffective for failing to object to the prosecutor stating [a] fact not in evidence when he incorrectly stated [] Wallace's testimony had been consistent from the beginning[;]

3. The Commonwealth failed to disclose impeachment evidence of Commonwealth[ ] witness [] Wallace during discovery[, including her] criminal history and [a 2008] arrest in New Jersey;

4. Trial counsel[] failed to confront the cooperating co-defendant [] Redfain with "false testimony" as to his plea agreement.

*See* Appellant's Brief, at 1, 3, 7, 8.

Preliminarily, the fourth issue raised in Adams's brief was not raised in his Rule 1925(b) statement. *See* Rule 1925(b) Concise Statement, 3/14/23. It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Accordingly, we find the fourth issue raised in the appellate brief is waived. We now turn to the three remaining issues.

In his first issue, Adams argues simultaneously that the prosecutor's reference during closing arguments to Adams's invocation of his right to remain silent was improper, and that trial counsel was ineffective for failing to object to this improper reference. It appears that Adams has continuously conflated the distinct issues of prosecutorial misconduct and ineffective assistance of counsel in raising this claim. *Compare* Memorandum of Law in Support of PCRA Petition, 4/28/16, at 22 (raising a claim of prosecutorial misconduct while simply stating in one sentence that this improper reference warranted an objection from trial counsel) (paginated for clarity), *with* Rule

1925(b) Concise Statement, 3/14/23, at 3-4 (again raising a claim of prosecutorial misconduct while simply stating in one sentence that this improper reference warranted an objection from trial counsel), ***and with*** Appellant's Brief, at 1-2 (stating issue as one of ineffective assistance of counsel for the first time, while only including caselaw and discussion of a claim of prosecutorial misconduct).

The PCRA court briefly addressed this claim, stating it should be dismissed as the Pennsylvania Supreme Court has already ruled on this issue. ***See Commonwealth v. Adams***, 104 A.3d 511 (Pa. 2014) (finding the testimony at issue did not unconstitutionally burden Adams's right against self-incrimination).

Adams filed a "Rebuttal Motion", in which he contends his claim has been misinterpreted because the closing statement, in which the prosecutor again referenced Adams's invocation of his right to remain silent, was not before the Supreme Court.

Adams is correct that our Supreme Court did not fully address the issue as related to closing arguments. On direct appeal to this Court, Adams challenged both the trial court's admission of testimony from Sergeant John Gretsky of the Chester Police Department, concerning Adams's pre-arrest refusal to speak with Sergeant Gretsky when the sergeant attempted to interview him, and the Commonwealth's reference to his silence in closing arguments. This Court concluded that Seargeant Gretsky's testimony did not

unconstitutionally burden Adams's right against self-incrimination. **See Commonwealth v. Adams**, 39 A.3d 310, 319 (Pa. Super. 2012). Further, we found his claim regarding the closing argument was waived as trial counsel had not objected to the reference. **See id.** Finally, even if not waived, we found the claim failed because counsel had made a tactical decision to comment on Adams's pre-arrest silence during closing argument, and therefore had "opened the door" to the Commonwealth making a responsive closing remark about his silence. **See id.** at 320.

Adams then appealed to the Supreme Court, solely on the issue of whether his constitutional right against self-incrimination was implicated by the sergeant's testimony. Adams is correct that our Supreme Court did not specifically address the reference during closing arguments, as they noted Adams did not object at trial to the Commonwealth's closing statement, and that Adams had not raised a challenge related to the closing arguments when he was before the Supreme Court. **See Adams**, 104 A.3d at 521 n.3. However, the Supreme Court did clarify that defense counsel likely did not object to the closing argument "presumably because it was a fair response to defense counsel's argument." **See id.**

Likely realizing the claim of prosecutorial misconduct fails for the reasons above, and that it has already been addressed by this Court, Adams appears to attempt to shift his argument to one of ineffective assistance of trial counsel for failing to object to the Commonwealth's closing argument.

However, Adams himself admits that trial counsel objected to Sergeant Gretsky's testimony and only after his objection was overruled, was counsel "left with no real choice but to attempt" to explain Adams's lack of cooperation during closing. Appellant's Brief, at 1. Adams therefore argues it was "trial court error [that] led to the need for such commentary which in turn opened the door to the Commonwealth's responsive argument." **Id.** Notably, "[t]he PCRA procedurally bars claims of trial court error[.]" **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa. Super. 2015) (citations omitted).

Further, counsel is presumed to have been effective. **See Commonwealth v. Brooks**, 839 A.2d 245, 248 (Pa. 2003). In order to overcome that presumption and prevail on a claim of ineffectiveness, Adams had to establish: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for their conduct; and (3) he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question, the outcome of the proceeding would have been different. **See id**. As is true for all petitioners, Adams's "failure to prove any one of the three prongs results in the failure of his claim." **Commonwealth v. Ousley**, 21 A.3d 1238, 1244 (Pa. Super. 2011) (citation omitted).

Other than some conclusory statements, Adams fails to set forth the three prongs of the ineffectiveness test, or provide any real analysis for such a claim. **See Commonwealth v. Spotz**, 896 A.2d 1191, 1250 (Pa. 2006) ("[B]oilerplate, undeveloped" arguments regarding ineffective assistance of

counsel are "insufficient to establish an entitlement to post-conviction relief.") (citation omitted). Therefore, Adams waived this claim. *See Commonwealth v. Paddy*, 15 A.3d 431, 444 (Pa. 2011) (acknowledging "that when an appellant fails to set forth all three prongs of the ineffectiveness test and [to] meaningfully discuss them, he is not entitled to relief, and we are constrained to find such claims waived for lack of development") (citation omitted). In any event, this claim would fail for the reasons acknowledged by Adams above. As the prosecutor was responding to defense counsel's statement, counsel had a reasonable basis not to object to the prosecutor's closing remark, and therefore there is no underlying merit to Adams's claim.

In his second issue, Adams argues trial counsel was ineffective for failing to object to the prosecutor stating a fact not in evidence when he incorrectly stated that Commonwealth witness Dyeisha Wallace's testimony had been consistent from the beginning.

Once again, Adams fails to set forth the three prongs of the ineffectiveness test, or provide any real analysis for such a claim. *See Spotz*, 896 A.2d at 1250. Therefore, we find this claim is waived as well. *See Paddy*, 15 A.3d at 444.

Even if not waived, this claim would fail. The trial court found that while trial counsel did not object to the statements at issue, (1) "trial counsel had, and took, the opportunity to properly and fully cross-examine the witness on their prior inconsistent statements; (2) trial counsel addressed the

inconsistent statements in their closing argument, and (3) the trial court instructed the jury after closing arguments that it was the jury's duty to decide what testimony to believe. Trial Court Opinion, 2/24/25, at 7. For these reasons, we would find this issue without merit.

Finally, we note both the third and fourth issues raised in the appellate brief were not included in Adams's initial PCRA petition. It can be argued that Adams attempted to raise these additional claims in amended and supplemental petitions. The Rules of Criminal Procedure contemplate that amendments to pending PCRA petitions are to be "freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A). However, Rule 905 amendments are not "self-authorizing such that a petitioner may simply amend a pending petition with a supplemental pleading." ***Commonwealth v. Miranda***, 317 A.3d 1070, 1076 (Pa. Super. 2024) (internal quotation marks omitted). "Rather, the Rule explicitly states that amendment is permitted only by direction or leave of the PCRA court." ***Id.***

It is clear from a review of the record that Adams never requested leave to amend his petition. He simply filed *pro se* documents purporting to amend or supplement the initial petition. Further, the PCRA court would have had to explicitly grant permission for amendment in order for any additional claims to be preserved. ***See*** Pa.R.Crim.P. 905(A); ***Miranda***, 317 A.3d at 1076. While these filings appear on the docket, there is no indication in the record that the court ever explicitly granted Adams permission to amend the initial petition.

Further, Adams was still represented by counsel when he submitted these *pro se* filings. By docketing these filings in the first place, the PCRA court erroneously permitted hybrid representation. ***See Commonwealth v. Ellis***, 626 A.2d 1137, 1139 (Pa. 1993) ("no constitutional right to hybrid representation either at trial or on appeal"). While counsel requested, and was granted, extensions of time to file either an amended petition or a no-merit letter, this permission did not extend to grant a counseled petitioner the ability to file *pro se* documents.

We also acknowledge Adams attempted to raise additional claims in his response, and supplemental response, to the Rule 907 notice. However, a defendant may not raise entirely new claims in his response to the notice of intent to dismiss that he could have presented prior to his response. ***See Miranda***, 317 A.3d at 1076. Rather, "the response is not itself a petition[,] and the law still requires leave of court to submit an amended petition." ***Id.*** (citation omitted); ***see also*** Pa.R.Crim.P. 905(A)).

Therefore, the PCRA court could not, and should not, have considered any pleading outside of the initial PCRA petition filed in 2016 without having expressly granted permission for Adams to file an amended petition. To the degree that any issues raised on appeal were not included in the initial PCRA petition, they are waived. ***See*** Pa.R.A.P. 302(a); ***see also Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004) (stating that "a claim not raised

in a PCRA petition cannot be raised for the first time on appeal"). Accordingly, the final two issues presented in Adam's brief are waived.

Finally, we acknowledge that Adams attempts to timely raise his PCRA counsel's ineffectiveness at the first opportunity to do so pursuant to *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) (holding that a PCRA petitioner may raise claims of PCRA counsel's stewardship on appeal if that is the first opportunity to do so). However, Adams is not entitled to relief on these claims as he merely raises bald allegations of PCRA counsel's ineffectiveness by including only one sentence at the end of each of his argument sections asserting such claim, and fails to satisfy any of the three prongs of the ineffectiveness test. *See id.* at 402 (noting that boilerplate allegations of ineffectiveness do not entitle a petitioner to relief); *see also Martz*, 232 A.3d at 811.

As Adam's issues are all waived and/or without merit, we affirm the PCRA court's order denying his PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/31/2025

- 15 -